DAVID LOPEZ, ESQ.  DL-6779
Attorney for Plaintiff
171 Edge of Woods Road
P.O. Box 323
Southampton, New York 11969-0323
Tel:        631.287.5520
Fax:        631.283.4735
e-Mail:     DavidLopezEsq@aol.com

MIRIAM TAUBER, ESQ. MT-1979
Attorney for Plaintiff
885 Park Avenue, # 2A
New York, New York 10075
Tel:        323-790-4881
e-Mail:     MiriamTauberLaw@gmail.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

———————————

**MARK  RUBENSTEIN,**

          **Plaintiff,**                  **19-CV-6976**

  - against -

**COSMOS HOLDINGS, INC.,**         **COMPLAINT FOR RECOVERY
OF SHORT-SWING PROFITS
UNDER  15  U.S.C.  SEC.  78p(b)**

         **Nominal Defendant,**

                                **Jury Trial Demanded**

  -and-

**GRIGORIOS SIOKAS,**

         **Defendant.**

_____/

      **MARK RUBENSTEIN**, by David Lopez, Esq., and Miriam Tauber, Esq.,

his attorneys, complaining of the defendant, respectfully allege the following upon

1

information and belief, except as to paragraph 2, which plaintiff alleges on personal knowledge:

## JURISDICTION:

1.     This action arises under the provisions of Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. Section §78p(b), and jurisdiction is conferred upon this court by Section 27 of the Act, 15 U.S.C. §78aa.

## THE PARTIES AND VENUE:

2.     Plaintiff is a security owner of COSMOS HOLDINGS, INC., a Nevada Corporation with principal offices at 141 West Jackson Blvd., Suite 4236, Chicago, IL 60604.

3.     At all times relevant the common stock of COSMOS HOLDINGS INC.. was registered under Section 12(g) of the Act and was and is traded on the OTC QB market through market makers and facilities located within this district.

4.     One or more of the sale transactions to be recited herein were effected through one or more such market makers within the district.

5.     This action is brought in the right and for the benefit of COSMOS HOLDINGS, INC. which is named as a party defendant solely in order to have all necessary parties before the court.

2

6.    At all times relevant GRIGORIOS SIOKAS was and is an officer, director and beneficial owner of more-than-10% of the common stock of COSMOS HOLDINGS, INC.

**STATUTORY REQUISITES:**

7    The violations of Section 16(b) of the Act to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

8    Demand for prosecution was made on COSMOS HOLDINGS, INC. on January 14, 2019.  More than 60 days have expired with COSMOS HOLDINGS, INC. not having recovered the profits at issue and with counsel to COSMOS HOLDINGS, INC. representing its position to be that no recovery is warranted.  Further delay in initiating suit would be a futile gesture.

9.    This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. 78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission.

**FIRST CLAIM FOR RELIEF:**

10    On October 2, 2017, OURANIA MATSOUKI, the wife of GRIGORIOS SIOKAS, purchased 100,000 post-split shares of the common stock of COSMOS HOLDINGS, INC. at arms-length from an unrelated third party, VASILEIOS MAVROGIANNIS.  The purchase price was $2.20 per share. (Euro

3

18,400, U.S.D. $22,000 total).   A true copy of the purchase agreement appears at Exhibit A hereto.

11.    All obligations and pre-conditions of OURANIA MATSOUKI under the terms of that purchase agreement to the passage of title were met at or prior to the time of its execution including the payment by her in full of the agreed purchase price.

12.    OURIANIA MATSOUKI and GRIGORIOS SIOKAS, at all times relevant, shared a common household as husband and wife.

13.    Within periods of less than six months of October 2, 2017, GRIGORIOS SIOKAS made, *inter alia*, the following open-market sales of shares of common stock of COSMOS HOLDINGS, INC.:

| | | |
|---|---|---|
| April 5, 2017 | 24,000 @ | $ 8.88 |
| May 31, 2017 | 13,000 @ | 8.46 |
| May 31, 2017 | 82,500 @ | 8.80 |
| Mar. 28, 2018 | 300 @ | 10.24 |
| Mar. 28, 2018 | 1,250 @ | 9.83 |
| Mar. 28, 2018 | 10,000 @ | 8.80 |
| Mar. 30, 2018 | 70,000 @ | 8.86 |
| Mar. 30, 2018 | 4,200 @ | 8.33 |

14.    Computing profits utilizing the "lowest in – highest out within six months" method yields putative recoverable profits of:

4

| Sales: | Mar. 28, 2018 | 300 @ $ 10.24 | 3,072.00 |
|---|---|---|---|
| | Mar. 28, 2018 | 1,250 @ 9.83 | 12,287.50 |
| | Apr.  5, 2017 | 24,000 @ 8.88 | 213,120.00 |
| | Mar. 30, 2018 | 70,000 @ 8.86 | 620,200.00 |
| | Mar. 28, 2018 | 4,450 @ 8.80 | 39,160.00 |
| | | 100,000 | $ 887,839.50 |
| Less:  Purchases | | | -   22,000.00* |
| Putative Profits: | | | $ 865,839.50 |

or such greater or lesser amount as discovery may establish as correct.  Such profits are recoverable on behalf of COSMOS HOLDINGS, INC. by Plaintiff as a shareholder of COSMOS HOLDINGS, INC., the latter, under the influence of GRIGORIOS SIOKAS, having failed or refused to act in its own right and for its own benefit.

- Euro 18,400

**SECOND CLAIM FOR RELIEF:**

15.    Plaintiff made demand upon the Board of Directors of COSMOS HOLDINGS, INC. for the recovery of profits realized as described herein on or about January 14, 2019.

16.     GRIGORIOS SIOKAS early took the position, and caused COSMOS HOLDINGS, INC. to adopt the position, that his wife's purchase was not followed by delivery of share certificates and that therefor the purchase had not taken place notwithstanding that specific performance was available to compel delivery or to quiet title.

17.     On or about May 29, 2019, some 19 months after the date of purchase, GRIGORIOS SIOKAS tendered to the Plaintiff a so-called "Rescission Agreement" purporting to cancel the purchase *ab initio* and *nunc pro tunc* in avoidance of payment by him of profits due from him to COSMOS HOLDINGS, INC.  A true copy of that purported "Rescission Agreement" appears at Exhibit B hereto.

18.     Plaintiff contends that a purported rescission of the purchase leg of a short-swing trade undertaken for the express purpose of extinguishing a matured liability arising under that short-swing trade is a nullity to accomplish that result and that the purported rescission must be disregarded in fixing liability and damages.

19.     The short-swing profits previously described herein remain due and owing by GRIGORIOS SIOKAS to COSMOS HOLDINGS, INC. and are recoverable by Plaintiff as a shareholder of COSMOS HOLDINGS, INC. on its behalf, the latter, under the influence of GRIGORIOS SIOKAS, having failed or refused to act in its own right of for its own benefit.

**THIRD CLAIM FOR RELIEF:**

20.     This Third Claim for Relief is a precaution against possible errors of detail attributable to inaccuracies in the public record or the discovery of additional trades during the course of this action.

21.     GRIGORIOS SIOKAS, acting during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased equity securities or equity security equivalents of COSMOS HOLDINGS, INC. within periods of less than six months of each other while an officer, director and more-than-10% beneficial owner of COSMOS HOLDINGS, INC., including but not limited to the transactions pleaded in the FIRST CLAIM FOR RELEIF.

22.     By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months of one another while an insider of COSMOS HOLDINGS, INC., GRIGORIOS SIOKAS realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit, and are recoverable by plaintiff on behalf, of COSMOS HOLDINGS, INC.

**WHEREFORE**, Plaintiff demands judgment:

a)     Requiring GRIGORIOS SIOKAS to account for and to pay over to COSMOS HOLDINGS, INC. the short-swing profits realized and retained by him in

violation of Section 16(b) of the Act, together with appropriate interest and the costs of this suit;

        b)     Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fees; and

        c)     Granting to Plaintiff such other and further relief as the court may deem just and proper.

Dated:     New York,  New York
            July 25, 2019

                        Yours, etc.

                        *s/ Miriam Tauber*
                        Miriam Tauber, Esq.
                        (MT-1979)